```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

MARK PATRICK LANGE,

      Plaintiff,

  v.                                  Case No.: 2:25-cv-00366-JES-NPM

FLORIDA DEPARTMENT OF LAW
ENFORCEMENT (FDLE), LEE COUNTY
SHERIFF'S OFFICE,

      Defendants,

_____

## OPINION AND ORDER

This matter comes before the Court on pro se Plaintiff Mark Lange's (Plaintiff or Lange) motion for temporary restraining order (Doc. #17), motion for preliminary injunction (Doc. #33), motion for temporary restraining order (Doc. #34), emergency motion for immediate relief and enforcement of statutory exemption (Doc. #35), and motion to shorten time for hearing on emergency motion and preliminary injunction. (Doc. #36.) The motions cumulatively seek the expedited consideration and issuance of an order that, among other things, enjoins the Florida Department of Law Enforcement (FDLE) and Lee County Sheriff's Office (LCSO) from enforcing sexual offender registration requirements on Lange.

The unverified complaint alleges that Lange was previously convicted in 1995 for criminal sexual conduct in Minnesota. (Doc. #8, p. 2.) However, that conviction has allegedly since been reduced to a misdemeanor, subject to an expungement order, and

Lange allegedly no longer needs to register as a sex offender in Minnesota. (Id.) Lange asserts that these "facts" entitle him to an exemption under Fla. Stat. § 943.0435(11)(b) from Florida's sexual offender registration requirements. (Doc. #17, p. 2.) Yet, Lange asserts, the FDLE and the LCSO continue to enforce Florida's sexual offender registration requirements on him. (Id.) He seeks a temporary restraining order or preliminary injunction enjoining them from doing so.

"The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1231 (11th Cir. 2005)(citing Canal Auth. of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974)). They are extraordinary and drastic remedies that should not be granted unless all prerequisites have been met. Id. Those prerequisites have not been met here.

Lange's motion for preliminary injunction (Doc. #33) is deficient in at least three ways. First, it fails to give "a precise and verified explanation of the amount and form of the required security," as required by the Local Rules. M.D. Fla. R. 6.01(4). See also Fed. R. Civ. P. 65(c)("The court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and

2

damages sustained by any party found to have been wrongfully enjoined or restrained."). Second, it fails to "include as an attachment each paper on which the movant relies." M.D. Fla. R. 6.02(a)(2). Lange alleges many facts that could be corroborated by papers, such as the alleged expungement order, but he fails to attach any.

And third, as Lange was told before, "for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003)(citing Fed. R. Civ. P. 65(a)(1)). Neither nonmoving party has had a meaningful opportunity to present any opposition. The FDLE recently appeared, acknowledged Lange's motions, and requested time to respond to them. (Doc. #41.) The Court finds the FDLE has not had adequate notice because it has not had an adequate opportunity to respond in the mere days since its appearance. Four Seasons Hotels, 320 F.3d at 1212 (holding "the appropriate amount of notice is properly left to the district court's discretion," who can consider whether a nonmovant has requested more time). As to the LCSO, it has yet to appear and the Court similarly finds it has also not been given sufficient notice.[1] Lange's motion for preliminary injunction

---

[1] Lange attests that it sent a copy of the motions to the LCSO. (See Doc. #38.) Utilizing its discretion, the Court finds this

3

(Doc. #33) is denied without prejudice and Lange's motions to expedite (Docs. ##35-36) consideration of said motion are denied.

Lange's motions for a temporary restraining order (Docs. ##17, 34) are deficient in at least two ways. First, they also fail to give "a precise and verified explanation of the amount and form of the required security," as required by the Local Rules. M.D. Fla. R. 6.01(4). See also Fed. R. Civ. P. 65(c)("The court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."). Second, the Court is not satisfied that a temporary restraining order can be issued in this case without notice. See Fed. R. Civ. P. 65(b)(1). Lange rests his entitlement to injunctive relief on particular and unsubstantiated allegations couched as facts. That being so, the Court will not issue any injunctive relief here without the benefit of receiving the nonmovants arguments and alleged facts. Lange's motions for a temporary restraining order (Docs. ##17, 34) and motions to expedite (Docs. ##35-36) consideration of said motions are denied.

---

to be an insufficient showing because nothing shows it actually knows of the motions or that it has had adequate time to respond to those motions.

The FDLE has already appeared and the LCSO has been sufficiently served, according to Lange. (See Doc. #32.) The Court will consider a proper motion for preliminary injunction cured of all the issues outlined herein once all parties have made an appearance and had an opportunity to respond. See Dilworth v. Riner, 343 F.2d 226, 229 (5th Cir. 1965) (stating that "where the opposing party has notice of the application for a temporary restraining order, such order does not differ functionally from a preliminary injunction." (internal quotations omitted)).[2]

Accordingly, it is hereby

**ORDERED**:

1. Lange's Motion for Temporary Restraining Order (Doc. #17) is **DENIED.**

2. Lange's Motion for Preliminary Injunction (Doc. #33) is **DENIED WITHOUT PREJUDICE.**

3. Lange's Motion for Temporary Restraining Order (Doc. #34) is **DENIED.**

4. Lange's Motion Emergency Motion for Immediate Relief and Enforcement of Statutory Exemption (Doc. #35) is **DENIED.**

---

[2] "Former Fifth Circuit cases decided before October 1, 1981 are binding precedent in the Eleventh Circuit." Eghnayem v. Bos. Sci. Corp., 873 F.3d 1304, 1314 (11th Cir. 2017).

5. Lange's Motion to Shorten Time for Hearing on Emergency Motion and Preliminary Injunction (Doc. #36) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __16th__ day of September 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE