```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MARK PATRICK LANGE,

        Plaintiff,

    v.                                   Case No.:   2:25-cv-00366-JES-NPM

FLORIDA DEPARTMENT OF LAW
ENFORCEMENT (FDLE), CARMINE
MARCENO, IN HIS OFFICIAL
CAPACITY AS SHERIFF OF LEE
COUNTY,

        Defendants,

_____

## OPINION AND ORDER

This matter comes before the Court on pro se Plaintiff Mark Lange's (Plaintiff or Lange) corrected motion for preliminary injunction (Doc. #55) filed on September 23, 2025. Defendants, Florida Department of Law Enforcement (FDLE) and Carmine Marceno, in his official capacity as Sheriff of Lee County, Florida, (Sheriff Marceno) (collectively the Defendants) filed a joint Response in Opposition (Doc. #59) on October 3, 2025. Without leave, Lange filed a Reply (Doc. #60) on October 8, 2025.[1] For the reasons set forth below, the motion is denied.

---

[1] "Except for a reply to a motion for summary judgment or a reply brief in a social security case, no party may reply without leave." M.D. Fla. R. 3.01(d). The Reply is thereby improper, stricken, and not considered.

**I.**

In 1995, Lange was convicted of fourth degree criminal sexual conduct in Minnesota in violation of Minnesota Statute § 609.345, subd. 1(b).[2] (Doc. #55-1, pp. 5-6.)[3] The conviction required Lange to register as a predatory offender in Minnesota. Minn. Stat. § 243.166, subd. 1b(a)(1)(iii).

In 2003, after the Minnesota Probation Office reported that Lange "had complied with all the terms and conditions of probation," and recommended that he be honorably discharged from probation, a Minnesota state court ordered Lange "discharged from probation, restored to all civil rights and to full citizenship with full right to vote and hold office the same as if said conviction had not taken place." (Doc. #55-1, p. 5.) Additionally, the Order provided that the "conviction is deemed to be for a

---

[2] Under § 609.345, subd.1(b), a person who engages in sexual contact with another person is guilty of fourth-degree criminal sexual conduct if the victim is at least 13 but less than 16 years of age and the actor is more than 48 months older than victim. State v. McFatridge, No. C8-98-1657, 1999 WL 595329, at *3 (Minn. Ct. App. Aug. 10, 1999); State v. Koerner, No. C3-96-329, 1996 WL 636185, at *3 (Minn. Ct. App. Nov. 5, 1996).

[3] Plaintiff labeled this exhibit as "Exhibit E." However, the exhibit appears on the Court's CM/ECF system as Exhibit 1. The Court will cite each exhibit herein by the numerical number assigned to it by the Court's CM/ECF system.

misdemeanor" pursuant to Minnesota Statute § 609.13, subd. 1(2).[4] (Id.)

Lange relocated to Florida in 2003 and began registering as sex offender in Florida pursuant to Florida Statute § 943.0435.[5] (Doc. #8, p. 3.)

In 2009, a letter from the Minnesota Department of Public Safety (MDPS) informed Lange that his "registration requirement [as a sex offender] was fulfilled" as of January 26, 2009, and that he was "no longer required to register as a Predatory Offender in the State of Minnesota." (Doc. #55-1, p. 1.) The letter continued: "This notice only applies to your registration requirement for the State of Minnesota. You must contact the Registry for any other State where you have lived, worked, or attended school to determine the status of your registration requirement within that State." (Id.) Lange's Minnesota predatory offender registration file was closed. (Id.)

---

[4] "Notwithstanding a conviction is for a felony," "the conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence." Minn. Stat. § 609.13, subd. 1(2). See also State v. Skramstad, 433 N.W.2d 449, 452 (Minn. Ct. App. 1988).

[5] "Under [§] 943.0435," known as Florida's sex offender registration statute, "any person who is a 'sexual offender' (as defined by subsection [(1)(h)1]) is required to provide specific information to certain state or law enforcement agencies in order to satisfy the reporting requirements." In re Standard Jury Instructions in Crim. Cases--Rep. No. 2007-4, 983 So. 2d 531 (Fla. 2008)(per curiam).

3

In 2023, Lange moved for an expungement in a Minnesota state court. (Id. at p. 12.) The court summarized the prior proceedings, noting that Lange had been required to register as a sex offender and that the offense of conviction was now deemed a misdemeanor. (Id.) The Court expunged Lange's judicial records pursuant to its inherent authority, ordering "[a]ll judicial branch records concerning [Lange's conviction], including records of arrest, citation, and charges, relative to the offense(s) shall be sealed." (Id. at p. 12.) This Order has been filed in the public records of Lee County, Florida.  (Id. at pp. 11-16.)

Lange now moves to enjoin the Defendants from enforcing any of Florida's registration requirements against him on and after October 1, 2025. He argues Florida Statute § 943.0435(11)(b) entitles him to this relief because his Minnesota sex offender designation was removed (as evidenced by the 2023 Minnesota state court order and the MDPS letter), and he "has no other convictions or designations that triggers registration under § 943.0435(1)(h)1." (Doc. #55, pp. 2-3.) He requests the "FDLE to correct its records and cease unlawful enforcement." (Id. at p. 4.)

## II.

The Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida authorize a court to issue a preliminary injunction under certain circumstances. See Fed. R.

4

Civ. P. 65(a); M.D. Fla. R. 6.02. A preliminary injunction will be issued only if the movant demonstrates: "(1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." Long v. Sec'y, Dep't of Corr., 924 F.3d 1171, 1176 (11th Cir. 2019). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." Vital Pharms., Inc. v. Alfieri, 23 F.4th 1282, 1291 (11th Cir. 2022)(quoting Forsyth Cnty. v. U.S. Army Corps of Eng'rs, 633 F.3d 1032, 1039 (11th Cir. 2011)).

A movant need only demonstrate a substantial likelihood of success on one of his claims—not all his claims—to secure a preliminary injunction. Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1134 (11th Cir. 2005). Ultimately, "[t]he grant or denial of a preliminary injunction is a decision within the sound discretion of the district court." United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).

### III.

Lange fails to satisfy the first requirement for a preliminary injunction — that he has a substantial likelihood of success on the merits. Assuming arguendo that the operative complaint

5

sufficiently states at least one underlying cause of action,[6] a preliminary injunction is not warranted because Lange fails to show Florida Statute § 943.0435(11)(b) likely exempts him from Florida's reporting requirements.

To be eligible for exemption from Florida's reporting requirements under this subsection, Lange must: (1) be a sex offender as defined by sub-subparagraph (1)(h)1.b; (2) show that his sex offender designation has been removed by the foreign jurisdiction; and (3) show that he does not meet the criteria for registration under any other sub-subparagraph of subparagraph (1)(h)1. Fla. Stat. § 943.0435(11)(b).[7] Lange meets the first

---

[6] The Court construes Lange's motion to be for a "'traditional' injunction, which must be based on a cause of action 'for certain breaches of common law, statutory, or constitutional rights.'" In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1256 n.41 (11th Cir. 2006)(quoting Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097). The operative complaint raises five claims, (Doc. #8, pp. 4-5), which Lange asserts all stem from "a single, ongoing constitutional violation: FDLE's refusal to acknowledge [Lange]'s statutory exemption and Minnesota discharge, resulting in his continued false classification as a sexual offender in Florida." (Doc. #55, p. 4.)

[7] The full text of subparagraph (11)(b) is as follows:

> Except as provided in s. 943.04354, a sexual offender must maintain registration with the [FDLE] for the duration of his or her life unless the sexual offender has received a full pardon or has had a conviction set aside in a postconviction proceeding for any offense that meets the criteria for classifying the person as a sexual offender for purposes of registration. However, a sexual offender shall be considered for removal of the requirement to register as a sexual offender only if the person:

6

requirement but fails at the second, and therefore the third requirement is not reached herein.

Beginning with the first requirement, to classify as a sex offender under sub-subparagraph (1)(h)1.b, it must be shown "(1) that [Lange] was 'designated' as a sexual predator or other sexual offender designation in another state or jurisdiction; and (2) that [Lange] was 'subjected to registration' as a result of that 'designation.'"[8] Jershun v. State, 169 So. 3d 232, 238 (Fla. 4th

---

....
> (b) Maintains registration with the [FDLE] as described in sub-subparagraph (1)(h)1.b. for the duration of his or her life until the person provides the department with an order issued by the court that designated the person as a sexual predator, as a sexually violent predator, or any other sexual offender designation in the state or jurisdiction in which the order was issued which states that such designation has been removed or demonstrates to the department that such designation, if not imposed by a court, has been removed by operation of law or court order in the state or jurisdiction in which the designation was made, provided that such person no longer meets the criteria for registration as a sexual offender under the laws of this state. To qualify for removal of the registration requirements under this paragraph, a sexual offender described in sub-subparagraph (1)(h)1.b. must establish that his or her designation has been removed and establish that he or she does not meet the criteria for registration under any other sub-subparagraph under subparagraph (1)(h)1.

Fla. Stat. § 943.0435(11)(b).

[8] The full text of the sub-subparagraph (1)(h)1.b is as follows:

7

DCA 2015)(quoting Fla. Stat. § 943.0435(1)(a)1.b.).[9] "Designation as a 'sexual offender' for purposes of [§] 943.0435 turns on a single issue—whether one has been '[c]onvicted of committing, or attempting, soliciting, or conspiring to commit' any of a number of specified offenses." Ames v. State, 870 So. 2d 203, 204 (Fla. 1st DCA 2004)(citation omitted).

It is undisputed that Lange classifies as a sex offender under sub-subparagraph (1)(h)1.b. As stated earlier, Lange was designated as a predatory offender in Minnesota and required to register there after being convicted of fourth degree criminal sexual conduct. Minn. Stat. § 243.166, subd. 1b(a)(1)(iii); (Doc. #55-1, p. 12)(the 2023 Order stating same). Therefore, the first requirement is met.

---

> Establishes or maintains a residence in [Florida] and who has not been designated as a sexual predator by a court of [Florida] but who has been designated as a sexual predator, as a sexually violent predator, or any other sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration or community or public notification, or both, or would be if the person were a resident of that state or jurisdiction, without regard to whether the person otherwise meets the criteria for registration as a sexual offender[.]

Fla. Stat. § 943.0435(1)(h)1.b.

[9] The subsections in the statute were later reorganized by amendment in 2016 but the substantive requirements remain the same. See SEX OFFENSES—PREDATORS—REGISTRATION, 2016 Fla. Sess. Law Serv. Ch. 2016-104 (C.S.H.B. 1333) (WEST).

8

To be removed from the Florida registration requirements, Lange must next show that his Minnesota sex offender designation was removed. Fla. Stat. § 943.0435(11)(b). To show that his Minnesota sex offender designation was removed, Lange must produce a Minnesota court order "which states that such designation has been removed . . . ." Id. Lange has not done so.

The only Minnesota state court order Lange points to is the 2023 Order that "expunge[d] [his] judicial records pursuant to th[at] court's inherent authority," ordering "[a]ll judicial branch records concerning [Lange's conviction], including records of arrest, citation, and charges, relative to the offense(s) shall be sealed." (Doc. #55-1, p. 14.) While Lange calls this a "discharge order," he fails to show that it states his conviction was removed. (Doc. #55, p. 3.)  Nowhere does the Order explicitly say the conviction was removed, vacated, set aside, or anything similar.  Additionally, the Minnesota Supreme Court has held that a Minnesota state court expungement order sealing the judicial records of a conviction through the court's inherent authority does not "remove[], erase[], or destroy[]" the records or the conviction in the executive branch records. Bergman v. Caulk, 938 N.W.2d 248 (Minn. 2020). Bergman held a law enforcement agency could still recognize a conviction despite such an order. Id. at 252. Without more, Lange fails to show a substantial likelihood

9

that his sex offender designation was removed by the 2023 Minnesota state court order.

Although Lange does not rely on it, the only other Minnesota state court order he produces also fails to show a substantial likelihood that his sex offender designation was removed. After a probation officer recognized Lange had "complied with all the terms and conditions of probation," a 2003 Minnesota state court discharged him from probation and "deemed [the conviction] to be for a misdemeanor" pursuant to Minnesota Statute § 609.13, subd. 1(2). (Doc. #55-1, p. 5.) But again, that order does not explicitly, (see id.), or even implicitly, state that his conviction was removed. Minn. Stat. Ann. § 243.166, subd.1b(1)(iii)(stating a "person shall register" as a sex offender under Minnesota law if he "was charged with" fourth degree criminal sexual conduct and "convicted of or adjudicated delinquent for that offense or another offense arising out of the same set of circumstances"). Without more, Lange fails to show a substantial likelihood that his sex offender designation was removed by the 2003 Minnesota court order or any other order.

Lange fails to show there is a substantial likelihood that his sex offender designation was removed, so he is not substantially likely exempt from the reporting requirements pursuant to Florida Statute § 943.0435(11)(b). Having failed to show his foreign sex offender designation was removed in Minnesota,

10

the Court need not reach the question of whether Lange classifies as a sex offender in Florida under an alternative definition. Since all of Lange's claims hinge on whether he is exempt from the reporting requirements pursuant to Florida Statute § 943.0435(11)(b), (see Doc. #8);(Doc. #55, p. 4 (Lange admitting so)), he has not shown a substantial likelihood of success on any of his claims.

Additionally, Lange has not shown that a preliminary injunction would not be adverse to the public interest. Lange's motion simply asserts "that the requested injunction serves the public interest." (Doc. #55, p. 6.) That lone sentence does not satisfy his burden. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014). Especially here, where the Florida Legislature has expressly recognized a strong public interest weighing against Lange's requested relief:

> The Legislature finds that sexual offenders, especially those who have committed offenses against minors, often pose a high risk of engaging in sexual offenses even after being released from incarceration or commitment and that protection of the public from sexual offenders is a paramount government interest. Sexual offenders have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Releasing information concerning sexual offenders to law enforcement agencies and to persons who request such information, and the release of such information to the public by a law enforcement agency or public agency, will further the governmental interests of public safety. The designation of a person as a sexual offender is not a sentence or a punishment but is simply the status of the offender which

      is the result of a conviction for having committed certain crimes.

Fla. Stat. § 943.0435(12). Lange fails to show that, if issued, the preliminary injunction would not be adverse to the public interest.

Accordingly, it is now

**ORDERED:**

Lange's corrected motion for preliminary injunction (Doc. #55) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of October 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE