UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK PATRICK LANGE,

       Plaintiff,

    v.                        Case No.: 2:25-cv-00366-JES-NPM

FLORIDA DEPARTMENT OF LAW
ENFORCEMENT (FDLE), CARMINE
MARCENO, IN IS OFFICIAL
CAPACITY AS SHERIFF OF LEE
COUNTY,

       Defendants,

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of the joint Motion to Dismiss (Doc. #62) filed by the Florida Department of Law Enforcement (FDLE) and Carmine Marceno, in his official capacity as Sheriff of Lee County, Florida, (Sheriff Marceno) (collectively the Defendants) on October 13, 2025. Pro Se Plaintiff Mark Lange (Lange) filed a Response in Opposition (Doc. #65) on October 21, 2025. For the reasons set forth below, the motion is granted in part and denied in part. The Complaint is dismissed without prejudice.

**I.**

The operative Complaint alleges that, in 1995, Lange was convicted of fourth degree criminal sexual conduct in Minnesota. (Doc. #8, p. 2.) Because of the conviction, Lange began registering

as a sex offender in Florida upon moving to the state in 2003. (Id. at p. 3.) The Complaint alleges that a 2003 Minnesota state court Order, a 2009 letter from the state of Minnesota, and a 2023 Minnesota state court Order now exempt Lange from Florida's sex offender registration requirements. It further alleges that Defendants nonetheless keep enforcing Florida's registration requirements on him, which violates Florida Statutes and the United States Constitution.[1] (See Doc. #8.) Lange eventually moved for a preliminary injunction, arguing that the 2023 Order and 2009 letter exempt Lange from Florida's reporting requirements pursuant to Florida Statute § 943.0435(11)(b). (Doc. #55.) That motion was denied. (Doc. #66.)

Defendants jointly move to dismiss, arguing in part that the Court lacks subject matter jurisdiction and that the claims fail on the merits because, as shown in their Response in Opposition to Lange's motion for a preliminary injunction, (Doc. #59), Lange's "claims are based on his mistaken belief that because he is not

---

[1] The 2003 Minnesota state court Order, 2009 letter from the state of Minnesota, and 2023 Minnesota state court Order were not attached to the complaint. But Lange later attached them to his motion for a preliminary injunction. (Doc. #55-1.) Because all three documents were referenced in the operative pleading, central to the claims, and their contents are undisputed, the Court can and does consider them in this motion to dismiss. See Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024). If referenced in any future amended complaint, Lange shall attach the three documents thereto.

required to register in Minnesota, he is also not required to register in Florida." (Doc. #62, pp. 3-4.)

The Court addresses its jurisdiction first.

## II.

As best the Court can tell, Defendants argue that Eleventh Amendment immunity, the <u>Younger</u> abstention doctrine, and the <u>Rooker-Feldman</u> doctrine deprives this Court of jurisdiction.[2] None of the arguments are persuasive.

### A. Eleventh Amendment Immunity

Defendants argue that "Eleventh Amendment Immunity applies to § 1983 claims" and that Lange "appears to bring claims against Defendants for violation of 42 U.S.C. § 1983." (Doc. #62, p. 8.) However, nowhere does the operative Complaint mention § 1983 or state that the claims are brought thereunder. Lange's Response in Opposition does mention § 1983 throughout, (<u>see</u> Doc. #65), but plaintiff cannot amend his complaint through briefing, whether pro se or not. <u>Allen v. St. John</u>, 827 F. App'x 1002, 1007 n.7 (11th Cir. 2020).[3] The Complaint will be dismissed without prejudice to

---

[2] In any future motion to dismiss, the Defendants should clearly delineate which of their arguments are under Rule 12(b)(1) and which arguments are under Rule 12(b)(6).

[3] Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." <u>Bonilla v. Baker Concrete Const., Inc.</u>, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

3

afford Lange an opportunity to clarify what claims he is bringing, whether § 1983 or otherwise.

**B. The <u>Younger</u> abstention Doctrine**

"In <u>Younger</u>[v. Harris]*,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 [(1971)], the Supreme Court established that 'absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions.'" <u>Hughes v. Att'y Gen. of Fla.</u>, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (quoting <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans</u>*,* 491 U.S. 350, 364 (1989)). "<u>Younger</u> abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." <u>Johnson v. Fla.</u>, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing <u>Younger</u>, 401 U.S. at 43-45).

The <u>Younger</u> abstention doctrine fails to apply because there is no indication of a pending state proceeding. The Defendants do not assert there is one. (Doc. #62, pp. 9-10.) And Lange asserts there is none. (Doc. #65, p. 4.) Because there is no detectable state proceeding that would be affected by this proceeding, this portion of Defendants' motion is denied.

**C. The <u>Rooker-Feldman</u> Doctrine**

The "<u>Rooker-Feldman</u> [doctrine] raises a question about our subject matter jurisdiction, an issue we are always obliged to

4

examine." Target Media Partners v. Specialty Mktg. Corp., 881 F.3d 1279, 1284 (11th Cir. 2018).[4] A relatively recent Supreme Court decision changed how the Circuit applies the doctrine. Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)(citing Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005)). Exxon Mobil "clarified the scope of the Rooker-Feldman doctrine by returning it to its roots, the facts of the Rooker and Feldman cases." Behr v. Campbell, 8 F.4th 1206, 1210 (11th Cir. 2021) (quoting Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009)). "In response, we abandoned the four-factor test that had previously guided this Circuit's application of Rooker-Feldman." Id. "We chose instead to 'adhere to the language in Exxon Mobil, delineating the boundaries of the Rooker-Feldman doctrine.'" Id. (quoting Nicholson at 1274).

Courts now "should follow a claim-by-claim approach" asking one question: "[W]hether the [claim] has been 'brought by state-court losers complaining of injuries caused by state-court

---

[4] "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (citing McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1250 (11th Cir. 2007)). When, as here, the movants do "not present any outside evidence challenging the facts underlying [Plaintiff]'s complaint, the difference is largely academic" and the Court "need not decide" under which to proceed. Efron v. Candelario, 110 F.4th 1229, 1234 n.5 (11th Cir. 2024), cert. denied, 145 S. Ct. 1958, 221 L. Ed. 2d 738 (2025).

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Efron, 110 F.4th at 1235-36 (quoting Target, 881 F.3d at 1285). Taken in parts, the reviewing court first asks whether "the party against whom the doctrine is invoked" was the losing "party to the underlying state-court proceeding." Lance v. Dennis, 546 U.S. 459, 464 (2006). If so, the reviewing court next asks, "whether the substance—if not the form—of a plaintiff's claim requires a district court to 'review' and 'reject' a state court judgment." Efron, 110 F.4th at 1238 (quoting Behr, 8 F.4th at 1211). If "a plaintiff's claim requires a federal district court to review and reject a state court decision," then Rooker-Feldman bars plaintiff's claim, regardless of how he styles it. Id. at 1236 n. 7.

    "That, though, is as far as Rooker-Feldman goes." Behr, 8 F.4th at 1210. Because Rooker-Feldman is so "limited" and "narrow", it "will almost never apply." Efron, 110 F.4th at 1235 (quoting Behr, 8 F.4th at 1211-12). "It does not prevent a 'district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" Id. (quoting Nicholson, 558 F.3d at 1274). "Nor does Rooker-Feldman 'block claims that require some reconsideration of a decision of a state court if the plaintiff presents some independent claim, albeit one that denies a legal

conclusion that a state court has reached in a case to which he was a party.'" Id. (quoting Behr, 8 F.4th at 1212) (citation modified). See also Mignott v. State Bar of Georgia Found., Inc., 146 F.4th 1095, 1098 (11th Cir. 2025).

The Rooker-Feldman doctrine does not deprive this Court of jurisdiction. Lange is not asking for this Court to review and reject state court judgments where he lost, but for the Court to review and accept state court orders where he arguably won. This portion of Defendants' motion is denied.

## III.

Satisfied of its jurisdiction, the Court turns to the merits. In part, the Defendants argue that all of Lange's claims fail because they all hinge on the erroneous argument Lange advanced in his motion for preliminary injunction. (Doc. #62, pp. 3-4.) The Court agrees.

Lange moved for a preliminary injunction, arguing that the 2023 Order and 2009 letter exempt Lange from Florida's reporting requirements pursuant to Florida Statute § 943.0435(11)(b). (Doc. #55.) The motion itself conceded that "this case . . .. [i]s about a single, ongoing constitutional violation: FDLE's refusal to acknowledge [Lange]'s statutory exemption and [the 2023 Minnesota state court Order], resulting in his continued false classification as a sexual offender in Florida." (Id. at p. 4.)

Lange's Response in Opposition[5] to the joint motion to dismiss again makes clear that all his claims arise from Defendants' failure to recognize that the three documents discussed above exempt him from Florida's registration requirements pursuant to Florida Statute § 943.0435(11)(b). (See Doc. #65, pp. 11, 14-16.)

The Court has recently denied Lange's preliminary injunction motion, determining that none of the documents (the 2003 Order, the 2009 letter, nor the 2023 Order) exempt Lange from Florida's sex offender registration requirements pursuant to Florida Statute § 943.0435(11)(b). (Doc. #66.) Since all of the claims in the operative Complaint hinge on this erroneous argument, the operative Complaint currently fails to state any claim. The Court need not reach any other arguments for now. The operative Complaint will be dismissed without prejudice to afford Lange an opportunity to state a claim plausibly entitling him to relief.

Accordingly, it is now

**ORDERED:**

1. Defendants' Joint Motion to Dismiss (Doc. #62) is **GRANTED IN PART AND DENIED IN PART**, as outlined above.

---

[5] Lange's Response in Opposition fails to adhere to this Court's typography requirements, including using double-spaced main text. M.D. Fla. R. 1.08(a). This is not the first time Lange's filings have violated the Local Rules. (See Doc. #66, p. 1, n.1 (striking Lange's Reply because he filed it without leave)). Lange must adhere to this Court's Local Rules or risk being sanctioned.

2. The operative Complaint (Doc. #8) is **DISMISSED WITHOUT PREJUDICE.** Lange may file an amended complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. Failure to do so will result in closure of the case without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of November 2025.

 

 

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE