UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK PATRICK LANGE, Pro Se,

      Plaintiff,

v.                                    Case No: 2:25-cv-00366-JES-NPM

FLORIDA DEPARTMENT OF LAW
ENFORCEMENT;    CARMINE
MARCENO, in his official
capacity as Sheriff of Lee
County,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff Mark Lange's ("Plaintiff" or "Lange") Emergency Motion for Immediate Relief (Doc. #83) filed on December 12, 2025. Defendant Carmine Marceno, in his official capacity as Sheriff of Lee County, Florida ("Sheriff Marceno") filed a Response in Opposition (Doc. #90) on December 26, 2025. Defendant Florida Department of Law Enforcement ("FDLE") filed a Response in Opposition (Doc. #93) on December 29, 2025. For the reasons set forth below, Plaintiff's motion is denied.

**I.**

Lange was convicted of fourth degree criminal sexual conduct in Minnesota in violation of Minnesota Statute Section 609.345

subd. 1(b) in 1995.  (Doc. #68-1, p. 14.)  The conviction required Lange to register as a predatory offender in Minnesota.  Minn. Stat. § 243.166, subd. 1b(a)(1)(iii).

However, in 2003, after the Minnesota Probation Office reported that Lange "had complied with all the terms and conditions of probation," and recommended that he be honorably discharged from probation, a Minnesota state court ordered Lange "discharged from probation, restored to all civil rights and to full citizenship with full right to vote and hold office the same as if said conviction had not taken place."  (Doc. #68-1, p. 4.) Additionally, the Order provided that the "conviction is deemed to be for a misdemeanor" pursuant to Minnesota Statute Section 609.13, subd. 1(2).  (Id.)

Lange relocated to Florida in 2003 and registered as a sex offender in Florida pursuant to Florida Statute Section 943.0435.[1]

Around April 11, 2009, Lange received a letter from the Minnesota Department of Public Safety ("MDPS") informing him that his registration requirement as a sex offender was fulfilled as of January 26, 2009.  As such, he was "no longer required to register

---

[1] Any individual that is a sexual offender as defined by subsection 1(h)1 "is required to provide specific information to satisfy the reporting requirements."  See In re Standard Jury Instructions in Crim. Cases—Rep. No. 2007-4, 983 So. 2d 531 (Fla. 2008)(per curiam).

as a Predatory Offender in the State of Minnesota."  The letter, however, explicitly warned Lange that the "notice only applies to your registration requirement for the State of Minnesota."  (Doc. #68-1, p. 2.)  Lange was still required to "contact the Registry for any other State where you have lived, worked, or attended school to determine the status of your registration requirement within that State."  (Id.)  After that letter, Lange's Minnesota predatory offender registration file was closed.  (Id.)

Lange then moved for an expungement in a Minnesota state court in 2023.  (Id. at p. 14-17.)  The court there noted that Lange was required to register as a sex offender and that the offense of conviction was now deemed a misdemeanor for expungement purposes in Minnesota.  (Id. at p. 14.)  The court expunged Lange's judicial records pursuant to its inherent authority, ordering "[a]ll judicial branch records concerning [Lange's conviction], including records of arrest, citation, and charges, relative to the offense(s) shall be sealed."  (Id. at p. 16.)  The Minnesota Order was filed in the public records of Lee County, Florida.  (Id. at p. 35)

Lange, for the second time, moves to enjoin the Defendants from enforcing any of Florida's registration requirements against him.  In support of his motion, Lange claims he is entitled to injunctive relief through: (1) the Full Faith and Credit Clause;

(2) the Due Process Clause of the 14th Amendment; (3) the Equal Protection Clause of the 14th Amendment; (4) the Right to Family Integrity; (5) Right to Reputation and Liberty Interests; (6) 42 U.S.C. § 1983; and (6) Florida Statute Section 943.0435(11)(b)(4).[2]

## II.

The Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida authorize a court to issue a preliminary injunction under certain circumstances. See Fed. R. Civ. P. 65(a); M.D. Fla. R. 6.02. A preliminary injunction will be issued only if the movant demonstrates: "(1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." See Long v. Sec'y Dep't of Corr., 924 F.3d 1171, 1176 (11th Cir. 2019). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." See Vital Pharms., Inc. v. Alfieri, 23 F.4th 1282, 1291 (11th Cir.

---

[2] While Plaintiff cites Section 943.0435(11)(b)(4) in his motion, the Court notes he likely meant to cite Section 943.0435(11)(a)(4), given there is no such Section 943.0435(11)(b)(4).

2022)(quoting Forsyth Cnty. v. U.S. Army Corp of Eng'rs, 633 F.3d 1032, 1039 (11th Cir. 2011)).

A movant need only demonstrate a substantial likelihood of success on one of his claims—not all his claims—to secure a preliminary injunction.  See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 117, 1134 (11th Cir. 2005).  Ultimately, "[t]he grant or denial of a preliminary injunction is a decision within the sound discretion of the district court."  See United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).

### III.

Lange fails to satisfy the first requirement for a preliminary injunction—that he has a substantial likelihood of success on the merits.  In his motion, Lange argues that Section 943.0435(11)(a)4 requires FDLE to remove him from the registry.  This reading, however, is flawed.

Section 943.0435(11)(a) requires the party to petition to remove the requirement for registration as a sexual offender.  See 15B Fla. Jur. 2d Criminal Law Procedure: Trial Matters and Proceedings § 1246 (2026).  The statute provides a multi-step process; however, the Court need only discuss the first step.  The first step requires that Lange have been "lawfully released from confinement, supervision, or sanction, whichever is later, for at least 25 years . . .."  See Fla. Stat. § 943.0435(11)(a)(1).

Through Lange's own allegations, it was only in 2009 when he was no longer subject to any form of reporting requirement in Minnesota. (Doc. #68.) As such, less than seventeen years have passed since his reporting requirement was lifted and Lange is precluded from seeking any remedy under Section 943.0435(11)(a). Further, given FDLE's own letter that Lange relies upon, it is questionable at best whether Lange could ever qualify for such petition given his requirement to register was based upon an adult conviction for a violation of Section 800.04(5). See Fla. Stat. § 943.0435(11)(a)(1)(prohibiting individuals from petitioning a court for removal from the registry where conviction is based upon Section 800.04(5)(b) or Section 800.04(5)(c)2). Lange has presented no evidence that his underlying conviction was not based on any crimes similar to those excluded sections. Therefore, Lange has failed to show a likelihood of success as it relates to Section 943.0435(11)(a).

The Court adopts the reasoning from its prior Order (Doc. #66) as it relates to the remaining claims which still rely upon Section 943.0435(11)(b). Thus, Lange has still failed to show Florida Statute Section 943.0435(11)(b) likely exempts him from Florida's reporting requirements, and he is not entitled to a preliminary injunction.

Further, as previously discussed in this Court's prior Order (Doc. #66), Lange has failed to show that a preliminary injunction would not be adverse to the public interest.  In fact, Lange makes no allegation regarding how a preliminary injunction would serve the public interest.  (Doc. #83.)  As such, this Court will deny the preliminary injunction for this reason as well.[3]

For the reasons set forth in this order, the motion will be denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Emergency Motion for Immediate Relief (Doc. #83) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of February, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

---

[3] Sheriff Marceno requested sanctions in the form of attorney's fees, however, the Court finds such award would be inappropriate. While Lange presented similar arguments and allegations, he relied on a different portion of the statute in seeking relief.  Thus no award of attorney's fees will be given.

-7-