UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK PATRICK LANGE, Pro Se,

      Plaintiff,

v.                                    Case No: 2:25-cv-00366-JES-NPM

FLORIDA DEPARTMENT OF LAW
ENFORCEMENT;      CARMINE
MARCENO, in his official
capacity as Sheriff of Lee
County,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendant Carmine Marceno's ("Sheriff Marceno") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #70) filed on November 14, 2025. Also pending is Defendant Florida Department of Law Enforcement's ("FDLE") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #92) filed on December 29, 2025. Plaintiff Mark Lange ("Lange") filed one Response in Opposition (Doc. #73) on December 2, 2025. Sheriff Marceno filed a Reply (Doc. #89) on December 22, 2025. For the reasons set forth below, both motions are granted.

I.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010)(stating the same). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent

-2-

with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

The Second Amended Complaint ("SAC") makes the following factual allegations:

In 1995, Lange was convicted of fourth degree criminal sexual conduct in Minnesota. (Doc. #68-1, p. 14.) Upon moving to Florida in 2003, Lange began registering as a sex offender because of this conviction. (Doc. #68.) He still registered even though a 2003 Minnesota state court Order, a 2009 letter from the state of Minnesota, a 2023 Minnesota state court Order, an email from an employee of the state of Minnesota, a letter from a state judge, and a Minnesota Bureau of Criminal Apprehension policy regarding data access and inventory now exempt Lange from Florida's sex offender registration requirements. (Id.) Defendants, however,

have refused to remove Lange from the registry, which Lange alleges violates Florida Statutes and the United States Constitution.[1]

### III.

Defendants each filed their own motion to dismiss, which largely overlap in their arguments.  FDLE and Sheriff Marceno both argue that the SAC should be dismissed because Lange again relies on the mistaken belief that because he is not required to register in Minnesota, he is also not required to register in Florida. Since Lange's claims hinge on the erroneous arguments Lange presented in both motions for preliminary injunctions, the Court will grant both motions to dismiss.

Lange moved for a preliminary injunction, arguing that his registration should be removed pursuant to Florida Statute Section 943.0435(11)(a)(4).[2]   (Doc. #83.)   The motion attempted to circumvent this Court's previous rulings (Docs. ##66-67) by alleging a new statutory provision as well as new constitutional violations. All Lange's claims, however, still require that the

---

[1] Lange alleges twelve different counts which the Court will not list out.  The Court, however, will note that Lange failed to identify which count is alleged against which Defendant. Accordingly, this pleading could alternatively be dismissed as a shotgun pleading.  See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313 (11th Cir. 2015).

[2] As noted in the preliminary injunction, the Court assumes that Lange meant to cite this subsection as the citation in his preliminary injunction does not exist.

underlying statutory provisions would in fact exempt him from registering.

Starting with Florida Statute Section 943.0435(11)(a), the Court has already denied Lange's preliminary injunction motion, determining that none of the documents exempt Lange from Florida's sex offender registration requirements. (Doc. #100.) Accordingly, the Court incorporates the analysis from its prior Order.

Further, to the extent that Lange relies upon Florida Statute Section 943.0435(11)(b), his argument fails. The Court has already dealt with the 2003 and 2023 Minnesota state court orders, and will incorporate its analysis from its prior Orders (Docs. ##66-67). The new documents Lange cites do not show that his conviction for the underlying offense was removed. The 2009 letter only shows that Lange's obligations were fulfilled. (Doc. #73-1, p. 2.) The letter makes no explicit or implicit statement that since his obligations were fulfilled that his conviction was removed, vacated, set aside, or anything similar.[3] Further, the 2025 correspondence with the Honorable Leonardo Castro as well as the email with an employee of the Minnesota Bureau of Criminal

---

[3] The Court notes that the letter explicitly warns Lange that he may still have continuing registration obligations in other states.

Apprehension fare no better.  (Docs. ##73-3,73-4.)  The letter from Judge Castro only reiterates the 2023 state court order expunged the judicial records—not removing, vacating, or setting aside Lange's conviction.  (Doc. #73-4.)  The email informs Lange that the 2009 letter—which this Court has already stated is insufficient—cannot be altered.  (Doc. #73-3.)  Finally, the Minnesota BCA Data Access Policy & Inventory similarly fails to show that Lange's underlying conviction has been moved, vacated, set aside, or anything similar.  (Doc. #73-5.)

As such, there are no alleged facts that show Lange is exempted under Section 943.0435(11)(b).  Accordingly, the underlying conviction may still be recognized—thereby still classifying Lange as a sexual predator—even with the closure of the agency records and expungement of the judicial records.  See Bergman v. Caulk, 938 N.W.2d 248, 252 (Minn. 2020); Minn. Stat. Ann. § 243.166, subd. 1b()(iii)(stating a "person shall register" as a sex offender under Minnesota law if he "was charged with" fourth degree criminal sexual conduct and "convicted of or adjudicated delinquent for that offense or another offense arising out of the same set of circumstances").

Since all of his claims in the SAC hinge on these erroneous arguments, it currently fails to state any claim.  The SAC will be dismissed with prejudice as it is futile to permit another amended

complaint.  Given the SAC is dismissed with prejudice the remaining pending motion will be denied as moot.

For the reasons set forth in this order, the Defendants' motions will be granted.

Accordingly, it is now

**ORDERED**:

(1) Defendant Sheriff Marceno's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #70) is **GRANTED.**

(2) Defendant FDLE's Motion to Dismiss Plaintiff's Second Amended Complaint(Doc. #92) is **GRANTED.**

(3) The Second Amended Complaint (Doc. #68) is **DISMISSED** with prejudice.

(4) Plaintiff's Motion in Limine to Exclude Expunged Minnesota Records (Doc. #84) is **DENIED** as moot.

(5) The Clerk is directed to enter judgment in favor of the Defendants.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of February, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

-7-